### STATE *v.* ARKANSAS LUMBER COMPANY.

### Opinion delivered November 20, 1916.

CRIMINAL LAW—LEGAL HOURS FOR LABOR IN SAW AND PLANING MILLS—NIGHT WATCHMAN.—Act 49, p. 139 Acts of 1905, providing a penalty when laborers in saw and planing mills are required to work more than ten hours in a day, is not violated where the night watchman was required to work twelve hours a day.

Appeal from Bradley Circuit Court; *Turner Butler*, Judge; affirmed.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellant.

1. The act is not unconstitutional because it prohibits the working of employees more than ten hours per day, without providing for cases of emergency. Many of these "hours of labor" acts have been sustained which did not provide for cases of emergency. 138 Pac. 695; 51 L. R. A. (N. S.) 361; 65 Cal. 34; 113 S. W. 29; *Ib.* 707; 106 Pac. 235; 157 Cal. 61; 26 L. R. A. (N. S.) 242; 100 N. E. 194; 256 Ill. 558; 244 *Id.* 509; 91 N. E. 695; 27 L. R. A. (N. S.) 994; 254 Ill. 579; 98 N. E. 982.

2. The act is not discriminatory in its operation or effect. Cases *supra.* See, also, 78 S. W. 569; 170 Mo. 245; 129 S. W. 124; 98 N. E. 982; 254 Ill. 579.

3. The act applies to a night watchman. Acts 1905, 139; 15 N. W. 45; 185 Ill. 216; 14 Idaho 95; 93 Pac. 369.

*B. L. Herring* and *Fred L. Purcell,* for appellee.

1. The act is unconstitutional. It is absolute and unconditional in its terms without any provision for emergencies. 59 So. 923; 45 L. R. A. (N. S.) 851, and cases cited.

2. The demurrers were properly sustained. Night watchmen are not "in a department relating to the running and management" of mills.

WOOD, J. Act 49 of the Acts of 1905 provides as follows:

"Section 1. That on and after the passage of this act, ten hours shall constitute a legal day's work for all classes of working men and laborers designated in section two of this act.

"Section 2. This act shall apply to associations of persons, companies, or corporations, engaged in the business of operating or constructing saw and planing mills in this State, and to all working men and laborers now, or hereafter to be employed by any such association, company or corporation, in any department relating to the running and management of said mills."

The third section provides a penalty for violation of the act.

The appellee was indicted for a violation of the above act. The indictment, omitting formal portions, charged that appellee "then and there did exact twelve hours of labor per day of one Tom B. Reddin, the said Tom B. Reddin being then and there employed as night watchman by the said Arkansas Lumber Company, and the said Arkansas Lumber Company did then and there fail to comply with and did violate the provisions of Act No. 49," etc.

The appellee interposed a special demurrer to the indictment, one of the grounds being that, "the indictment charges the defendant with violation of Act No. 49 of the 1905 Acts of the General Assembly of the State of Arkansas in receiving more than ten hours of work from its night watchman at its mill plant on the first day of November, 1915, which is not a public offense, and not prohibited by said act."

The court reserved its ruling on the demurrer until it heard the evidence, which is brought into the record by an agreed statement of facts, as follows: "That on the 2d day of March, 1915, Tom B. Reddin was in the employ of the Southern Lumber Company, a corporation engaged in the manufacture of lumber at Warren, Bradley County, Arkansas; that the duties of the said Tom B. Reddin, as such employee, were the duties of night watchman, and that said duties required him to serve twelve consecutive hours in the discharge of his employ; that as night watchman it was his duty to guard the mill plant and lumber against trespassers, thieves and incendiaries and to extinguish fires, if any occurred, and if in his power, otherwise, if he could not control the fire, to give the alarm; that he was also required at the end of each hour to punch a clock; that part of the time he could take short naps if he desired; that the duties herein enumerated were the only duties he was required to perform at any time during the twelve hours of service."

After hearing the evidence, the court sustained the demurrer, holding that "the night watchman is not shown by the evidence to be one of those employees who come within the scope of the act."

The gravamen of the offense, under the act, is the requiring of working and laboring men, engaged in "any department relating to the running and management of said mills" to work more than ten hours per day. The indictment does not charge that Reddin was employed and was required to work "in any department relating to the running and management of said mill." The facts show that Reddin was employed as night watchman, and that his duties as such required him to make his rounds every hour, and after an interval of twenty minutes to begin the next round; that he would begin at 6 o'clock in the evening and continue until 6 o'clock in the morning. His duties required him to guard the mill plant and lumber against trespassers, thieves and incendiaries, and to extinguish fires, if in his power, and, if not, to give the alarm. He was required to punch clocks, distributed at different points over the mill, in order to show that he had made the rounds each hour. While he was on duty, none of the machinery was being operated.

The ruling of the court was correct. The undisputed facts show that Reddin was not employed by the appellee "in any department relating to the running and management of its mill." The purpose of the law was to protect working men and laborers while employed in work connected with "any department relating to the running and management of the mills." The duties of the night watchman, as set forth, have no relation to the operating and managing departments of such companies. There are many employees about mill plants that have duties to perform, such as book-keepers, night watchman, auditors, etc., that have no relation to the operating and managing departments.

The purpose of the law was to protect those doing dangerous and laborious work connected with the operating department, and also arduous and perhaps in

some cases dangerous duties connected with the management of the plants.

The court also ruled that the act was unconstitutional, but, having reached the conclusion that the proof fails to show any violation of the act, it is unnecessary, in this case, to determine whether or not the act is unconstitutional, and therefore we do not decide that question.

The judgment is affirmed.

HUMPHREYS, J., not participating.